## W. B. STRINGER ET AL. v. T. C. MORRIS.

### No. 3176.

**School Vouchers Not Negotiable.** — A school teacher in Franklin County had pupils transferred from Titus County. Without surrendering his vouchers the teacher obtained from the treasurer of Franklin County a warrant for the amount held in Titus for account of the transferred pupils. The teacher promised to surrender the vouchers, but after collecting the money on the order on the treasurer of Titus County he sold his vouchers, the purchaser having no notice of their payment. In action by the holder against the treasurer of Franklin County on the vouchers, *held:*

1. Such vouchers can not be treated as negotiable paper.

2. When the teacher was paid the debt was discharged, whether the vouchers were surrendered or not, and owning no debt he could not create one by transferring the vouchers.

APPEAL from Franklin. Tried below before Hon. P. A. TURNER, Special District Judge.

The opinion states the case.

*J. B. Stringer,* for appellants.—1. The vouchers in the hands of Wade were valid demands on the funds held by Stringer as treasurer, and the payment to him as the owner of the vouchers was not official negligence or misappropriation of the money belonging to the fund.

2. When the vouchers were paid by Stringer their validity as moneyed demands against him ceased.

3. The only purpose the vouchers could serve after they were paid was to establish a prima facie credit for the treasurer against the fund held for the community against which they were drawn. Rev. Stats., arts. 266, 267; Sonnenthiel v. Skinner, 67 Texas, 453; Rev. Stats., arts. 975, 976.

*Hiram Glass,* for appellee.—County treasurers are required to give bond for the faithful handling and disbursement of the school fund according to law. This fund is required by law to be disbursed as follows: The teacher of a public free school at the end of stated periods draws or makes out his voucher. This he presents to the school trustees of his community, and if they find it to be correct they sign the same. The county judge then examines it, and if he is satisfied with its correctness he approves it. It then becomes a valid demand against the county treasurer to the extent of the school fund to the credit of that community, with all the force and effect of a warrant, and when presented to him for payment, if the money is on hand to pay the same, it is his duty to pay it off and punch it, and hold it in his office to present with his report to the Commissioners Court. He is required to punch it at the time he pays it off. If he does not do this he has not complied with the conditions of his bond to faithfully disburse or pay

out the school fund according to law, and if any one is injured by his failure to thus comply with the law he and his bondsmen are liable therefor.

HENRY, ASSOCIATE JUSTICE.—Thomas Wade was the teacher of a school in Franklin County for a community lying on the dividing line between that county and Titus County, and for his salary he held proper vouchers payable by the treasurer of Franklin County. Of the sum due him $109.64 was in the hands of the treasurer of Titus County, on account of the tuition of children transferred from that county. Sayles' Civ. Stats., art. 3734.

Wade, without having the vouchers with him, applied to the county treasurer of Franklin County for an order upon the treasurer of Titus County for the amount of money held by him as aforesaid, promising the treasurer of Franklin County that if he would give him the order he would bring his vouchers to him and surrender them. Upon the faith of this promise Stringer, the treasurer of Franklin County, gave Wade an order to the treasurer of Titus County for the money in his hands, which Wade collected, but instead of delivering the vouchers to Stringer he, after he had received the money, sold and delivered them to Morris, the appellee, who had no notice of the foregoing transactions. Morris demanded the money, represented by the vouchers, of the treasurer of Franklin County, who paid him a small amount then in his hands belonging to that county, but refused to pay him the amount coming from Titus County as aforesaid. This suit was brought by Morris against Stringer and the sureties upon his official bond to collect the last named amount.

The cause was appealed to the District Court and there tried without a jury, and a judgment was rendered for the plaintiff.

The record contains the following conclusion of the judge: "If the plaintiff bought said vouchers after they had been paid by W. B. Stringer, then said Stringer was guilty of official negligence in paying the same and in not taking them up and cancelling them as required by law, which would render him and his bondsmen liable to any person who might be injured by such negligence."

Appellee calls our attention to the Act of the 5th of April, 1889, amending article 975 of the Revised Statutes, and reading as follows:

"Article 975. The county treasurer shall keep accurate accounts showing all the transactions of his office in detail, and all warrants by him paid off shall be punched at the time he pays them, and the vouchers relating to and accompanying each report shall be presented to the Commissioners Court with the corresponding report, when it shall be the duty of said court to compare the vouchers with the report, and all proper vouchers shall be allowed and the treasurer credited with the amount thereof."

The purpose of this statute is to protect the county in its settlements with the treasurer. Such vouchers can not be treated as negotiable paper. When the teacher was paid the debt was discharged, whether the vouchers were surrendered or not, and owning no debt he could not by transferring the vouchers create one or invest the purchaser with what he did not own himself. The purchaser who saw proper to act upon the possession and appearance of the vouchers without making an investigation with regard to the actual continued existence of the debt must submit to the consequences resulting from its having been in fact paid.

There did not exist any relation between the treasurer and Morris that would give the latter a cause of action against the former for damages occasioned by his negligence. The treasurer owed no duty with regard to the vouchers to Morris. Nor do we think that the loss that was subsequently incurred by him by purchasing the debt can be treated as the ordinary or probable consequence of the failure of the treasurer to take up and punch the vouchers.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*