### ORMSBY v. STATE LIFE INS. CO.

#### No. 12789.

Court of Civil Appeals of Texas. Dallas.

Oct. 28, 1939.

Rehearing Denied Nov. 25, 1939.

Shelby S. Cox, of Dallas, for plaintiff in error.

Goggans & Ritchie, of Dallas, for defendant in error.

LOONEY, Justice.

On April 1, 1934, plaintiff in error, who will be referred to herein as plaintiff, borrowed from Realty Trust Company $3,000, to bear 8% interest per annum, evidenced by a principal note for $3,000, bearing 6% interest, payable in ten (10) semi-annual installments, nine (9) of which were for $100 each, and the last was for $2,100; also, ten 2% interest notes having the same maturity dates as the installments due upon the principal note, ranging in amounts from $30 to $21. Each series was secured by a separate deed of trust on the same lot or parcel of land, situated in the City of Dallas—the first or prior lien secured the principal note and interest—the second or inferior secured the series of 2% interest notes. The principal note and the deed of trust securing same were sold and transferred by the Realty Trust Company to The State Life Insurance Company, of Indianapolis, Indiana, defendant herein, but the Realty Trust Company, in the transactions herein involved, acted for and on behalf of the defendant company. The principal note contains an option privilege, reading: "Payment of one hundred dollars or any multiple thereof may be made on the principal amount of this note on its fourth or any succeeding interest due date, provided sixty days' written notice is given of intention to so pay".

Plaintiff having previously paid defendant seven (7) installments, and interest, of the principal note, also having paid the Realty Trust Company seven (7) of the 2% interest notes, gave the defendant timely notice in writing that he would avail himself of the option to pay balance due on the principal note and interest, and, accordingly, on April 1, 1938, same being the next succeeding interest due date, tendered to the defendant the sum of $2,369, being the amount of unpaid principal and interest of the principal note, also, at the same time, tendered to the Realty Trust Company $23, being the amount of note No. 8 of the series of 2% interest notes that fell due on that date. Both tenders were refused. At the time the tenders were made, note No. 9 for $22, and note No. 10 for $21 (the last of the series of 2% interest notes) represented unearned interest, and by their terms would not have matured until on October 1, 1938, and April 1, 1939, respectively.

Plaintiff's tender, as just stated, being refused, he instituted this suit, alleging the material facts as herein detailed, followed up the tender to defendant previously made, by paying into the registry of court the sum of $2,369, and prayed for the cancellation of the $3,000 note, its interest coupons, and the trust deed securing payment of same.

The defendant answered, in substance, that plaintiff should take nothing, because, at the time of the execution of the $3,000 note and the deed of trust securing same, he also executed ten additional notes that represented 2% interest on the loan, that notes 9 and 10 heretofore described, owned by the Realty Trust Company, were unpaid; that said notes 9 and 10 were secured by the second deed of trust and that, under one of its provisions, plaintiff was not entitled to exercise the option to pay the principal note, unless and until he had fully paid off and discharged notes 9 and 10.

The provision of the second deed of trust, under which the defendant sought to justify its refusal to accept the tender offered by plaintiff, reads as follows: "It is understood that the above described indebtedness is a part of the consideration for a loan made to the Grantor herein by the Realty Trust Company, as evidenced by a First Deed of Trust, of even date herewith for the principal amount as below referred to, and that any option placed on the note or notes secured by said First Deed of Trust is in consideration of the payment on the indebtedness secured herein of an amount reducing the indebtedness herein in proportion to the

reduction of the principal of the First Lien loan, and failure to do so annuls the option privilege granted on said First Deed of Trust loan." It is also pertinent to state that, neither the principal note transferred to the defendant, nor the deed of trust securing same made any reference whatever to the second series of notes, or to the second deed of trust.

The trial resulted in a judgment in favor of the defendant, ordering the clerk to return to the plaintiff the money deposited in court, and declared that the loan contract was in full force and effect; to all of which plaintiff excepted, gave notice of and perfected appeal by writ of error.

■ The substance of plaintiff's contention is that, the Realty Trust Company having transferred the first series of lien notes to the defendant, retaining the second series, a severance resulted, and that the provision of the second trust deed relied upon by the defendant as a justification for refusing plaintiff's tender, and denying him the right to pay off the loan, was not applicable and could not be invoked by the defendant, in that, defendant was, in no sense, a party to the instrument, but derived its rights under, and was controlled exclusively by, the provisions of the principal note and the trust deed securing same. The defendant says that, "The sole question involved in this cause is the right of the plaintiff in error to prepay the principal note and secure a release of the deed of trust lien supporting the same without tendering payment of the unpaid interest or commission notes."

If the provision of the second deed of trust has the meaning attributed to it by the defendant, doubtless it could plausibly be argued that, so long as the two series of notes and liens remained in the ownership of the Realty Trust Company, together, they would evidence the contractual relationship of the parties, and that, the right to prepay the first series would be limited and conditioned by the provision of the second trust deed. However that may be, as the Realty Trust Company transferred the first series containing no reference to the second deed of trust, the defendant cannot invoke any of its provisions, and, in our opinion, cannot be heard to assert as a defense, the alleged right of the Realty Trust Company to collect unearned interest, evidenced by the second series. If the Realty Trust Company, as holder of the second series, had the legal right to accelerate ma-

turities and compel payment of the two immature second lien notes, an action may be brought by it for that purpose.

Plaintiff, having complied literally with the option clause of the principal note, defining the contractual relations between him and the defendant, was entitled to pay off the loan, stop the further accrual of interest, and obtain a release of his real property from the provisions of the trust deed. Hence, we are of opinion that, the court erred in rendering judgment for the defendant.

■■ However, we are of opinion that, for another reason apparent of record, the court erred in rendering judgment for the defendant. We do not think the provision of the second deed of trust has the meaning imputed to it by the defendant. If the intention of the parties had been to require payment of all immature 2% interest notes representing unearned interest, as a condition precedent to the right to exercise the option to pay off the loan in full, we think apt language would have been employed, definitely and indisputably expressing that idea, but no such language was used. The provision invoked reads: " * * * that any option placed on the note or notes secured by said First Deed of Trust is in consideration of the payment on the indebtedness secured herein of an amount reducing the indebtedness herein in proportion to the reduction of the principal of the First Lien loan, and failure to do so annuls the option privilege granted on said First Deed of Trust loan."

This provision seems to require the debtor, before exercising the option to pay the principal note, either in part or in full, to reduce the indebtedness secured by the second deed of trust (representing 2% interest) in the same proportion. We think, in view of the undisputed facts and the principles of law controlling, that plaintiff substantially complied with the provision. He tendered payment in full of the balance due on the principal note and all interest that had accrued on the loan (including note No. 8 of the second series, representing part of the 2% interest); that is, he tendered a sufficient amount of money to pay in full both series, hence, offered to pay each in the same proportion. The two immature notes, Nos. 9 and 10, of the second series (in regard to the payment of which this controversy arose), represented unearned interest on a debt that, in legal contemplation, ceased to bear interest after

the tender of payment was made. The doctrine is fundamental that, payment extinguishes the debt. (See 32 Tex.Jur. 646, Sec. 10; Tooke v. Bonds, 29 Tex. 419, 420, and Stringer v. Morris, 82 Tex. 39, 41, 17 S.W. 926). And, as a consequence, the extinguished debt bears no interest. See 32 Tex.Jur. pp. 689, 690, Sec. 31. It follows, therefore, that the two 2% interest notes, Nos. 9 and 10, representing unearned interest on a debt that, in legal contemplation, ceased to bear interest, became of no legal effect, hence evidenced no legal right.

For the reasons hereinbefore stated, we are of opinion that, the trial court erred in rendering judgment for the defendant; therefore, the same is reversed and judgment is here rendered in favor of the plaintiff, granting the relief sought.

Reversed and rendered.