

# The Attorney General of Texas

December 29, 1983

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

)01 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Harold Lerew
Wichita County Attorney
Courthouse
Wichita Falls, Texas    76301

Opinion No. JM-109

Re:  Whether commissioners courts and county treasurers in counties with a county auditor are required to comply with articles 1634, 1635 and 1636, V.T.C.S.

Dear Mr. Lerew:

You have requested our opinion regarding the applicability of certain financial record keeping statutes which impose duties upon a county treasurer.  The statutes require the county treasurer to make financial reports on a periodic basis to the commissioners court.  Similar reports are required to be made to the county auditor.

You ask about articles 1634, 1635, and 1636, V.T.C.S., contained in Title 34, County Finances.  Article 1634 requires the county treasurer to keep detailed accounts of all transactions in his office and attach vouchers to all reports submitted to the commissioners court:

> The county treasurer shall keep accurate detailed accounts showing all the transactions of his office.  And all warrants by him paid off shall be punched at the time he pays them; and the vouchers relating to and accompanying each report shall be presented to the commissioners court with the corresponding report, when said court shall compare the vouchers with the report, and all proper vouchers shall be allowed and the treasurer credited with the amount thereof.

Article 1635 requires the commissioners court to cancel vouchers:

> When a claim presented as a voucher has been found by the court to be correct, the court shall cause the same to be canceled by writing or stamping upon the [face] thereof the word, 'canceled,' and the clerk shall attest the same by his official signature.

The accounts and quarterly reports of the county treasurer are inspected and approved by the commissioners court in accordance with article 1636:

> When the commissioners court has compared and examined the quarterly report of the treasurer, and found the same correct, it shall cause an order to be entered upon the minutes of the court, stating the approval thereof, and reciting separately the amount received and paid out of each fund by the treasurer since the preceding treasurer's quarterly report, and the balance of such fund, if any, remaining in the treasurer's hands and the court shall cause the proper credit to be made in the accounts of the treasurer, in accordance with said order.  Said court shall actually inspect and count all the actual cash and assets in the hands of the treasurer belonging to the county at the time of the examination of his said report.  Prior to the adjournment of each regular term of the court, the county judge and each commissioner shall make affidavit that the requirements of this article have been in all things fully complied with by them at said term of said court, and that the cash and other assets mentioned in said county treasurer's quarterly report made by said treasurer to said court, and held by him for the county, have been fully inspected and counted by them giving the amount of said money and other assets in his hands.  Such affidavits shall be filed with the county clerk and recorded in the minutes of said court the term at which the same were filed; and the same shall be published in some newspaper published in the county if there be a newspaper published in the county, for one time.

It has been said that the purpose of the above statutes, specifically article 1634, is "to protect the county in its settlements with the treasurer."  Stringer v. Morris, 17 S.W. 926, 927 (Tex. 1891).  The monthly reports made to the commissioners court and the county clerk are required to be under oath and filed within five days after the end of the month.  See article 1642, V.T.C.S.

Further duties of the county treasurer are set out in the statutes.  The county treasurer is the "chief custodian of county finance" and is required to disburse county money "in such manner as the Commissioners Court may require or direct . . . ."  V.T.C.S. art. 1709.  The county treasurer is required to "pay over according to law

all moneys which shall come into his hands as county treasurer, and render a true account thereof to said [commissioners] court at each regular term of said court." V.T.C.S. art. 1704. Article 1709a, §3(d) recognizes the requirement of financial reports to be made by the county treasurer to the commissioners court:

> In counties having auditors, all reports of collections of moneys for the county required to be made to the Commissioners Court shall also be carefully examined and reported on by the auditor as provided in article 1654 . . . . He shall at least once in each quarter check the books and examine all reports of the treasurer, in detail, verifying the footings and correctness of same, and shall stamp his approval thereon, or note any difference, errors or discrepancies . . . .

In our opinion, it is clear that, as is recognized in article 1709a, the county treasurer is required to report both to the commissioners court and to the county auditor. Direct reports to the commissioners court from the various county officials, we believe, are necessary for the commissioners court to make the appropriate budget and tax levy determinations.

The statutes of Title 34 which require county treasurers to make reports both to the commissioners court and to the county auditor have been simultaneously adopted in the two substantive revisions of Texas Civil Statutes. Tex. Rev. Civ. Statutes of 1925 and 1911. Title 34 should be construed so as to give effect to all of the provisions therein. To the extent that Attorney General Opinion WW-765 (1959) stands for the proposition that article 1634, 1635, and 1636 are impliedly repealed by the auditor statutes, it is expressly overruled. The statutes were adopted at the same time both in the 1911 revision and in the 1925 revision, and although they may result in a "duplication of effort" as stated in WW-765, we do not believe that one group of statutes impliedly repeals the other. See Attorney General Opinion WW-514 (1958) (article 1636 requires commissioners court to record and publish its approval of county treasurers reports); Throckmorton County v. Thompson, 115 S.W.2d 1102 (Tex. 1938) (commissioners court approval of treasurers reports under article 1636 did not preclude county from challenging excess compensation paid treasurer); Attorney General Opinion O-6459 (1945) (treasurers reports submitted to commissioners court via auditor; in view of depository laws commissioners court not required to count cash in the hands of the treasurer); Attorney General Opinion O-236 (1939) (publication at commissioners court affidavit required by article 1636).

Honorable Harold Lerew - Page 4   (JM-109)

p. 460

S U M M A R Y

A County treasurer is required to submit financial reports to commissioners court pursuant to articles 1634, 1635, and 1636, V.T.C.S.

Very truly yours,

J I M   M A T T O X
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by David Brooks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
David Brooks
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton

p. 460