**John M. WILLIS and Charlotte A. Willis, Appellants,**

v.

**COMMUNITY DEVELOPERS, INC., and M–W Builders, Inc., Respondents.**

**No. KCD 28429.**

Missouri Court of Appeals, Kansas City District.

Feb. 27, 1978.

Richard A. King, Independence, for appellants.

Milton W. Adams, Kansas City, for respondents.

Before SHANGLER, P. J., SWOFFORD, C. J., and WASSERSTROM, J.

WASSERSTROM, Judge.

Plaintiffs as payees under six promissory notes seek ·a declaratory judgment determining the extent of their right to interest. In particular, they ask a judicial interpretation of the following delinquency clause which appears in each note: "If default be made of more than thirty (30) days on any one payment, the note shall bear interest at the rate of Six Percent (6%) for the year of delinquency." The trial court ruled contrary to plaintiffs' contentions, and they appealed. After initial submission in this court, an opinion was handed down affirming the judgment. However, on plaintiffs'

motion a rehearing was granted and the case now pends on resubmission.

In 1971, plaintiffs sold to the defendant corporation all of their stock therein, and took back six promissory notes. Written agreements (one by each company) were made as to the sales dated September 18, 1971, which provided for the execution of those original six promissory notes. As to Community Developers, Inc., one note was to be and was executed for $236,525, secured by a deed of trust on real estate, non-interest bearing until January 1, 1978, payable $5,000 each January 1st to that date when the annual payment would increase to $10,000. This original note according to the Community Developers sales agreement was not to and did not contain any provision for the payment of interest in the event of default in the payment of installments; another original note was for $24,200, payable $4,850 annually beginning January 1, 1972, and it was to and did include the above delinquency clause; and the third original note, $37,500, was payable $625 monthly, beginning October 1, 1971, and this note also was to and did contain the delinquency clause. M-W Builders, Inc., at the same time gave a note for $87,500, which was to be paid $5,000 on January 1, 1972, and each year on the same date until January 1, 1978, when the annual payment was increased to $10,000. This note according to the M-W sales agreement was not to and did not contain the delinquency clause. M-W's second note was for $26,775, payable $5,335 annually beginning January 1, 1972, and it was to and did include the delinquency clause. A third note was given by M-W, which was for $37,500, payable $625 per month beginning October 1, 1971, non-interest bearing, and was to and did include the delinquency clause.

Subsequent negotiations resulting in six new notes being executed and delivered in varied amounts, but totalling the same as the original notes, and being substituted for the original notes, were delivered to plaintiffs. The variance in face amounts consisted of increasing Community Developers' third note from $37,500 to $56,250, and decreasing M-W Builders' third note from $37,500 to $18,750. Each of these six substitute notes included the delinquency clause, and each provided for reasonable attorney fees if placed in the hands of an attorney for collection. $4,287.50 was paid on the principal of two of the notes up to January 1, 1972.

The principal payments which became due on January 1, 1972, were not paid and remained delinquent until defendants belatedly made payment on May 1, 1972. Concurrently with full payment of the delinquent principal payments, defendants also made payment of interest on all six notes at 6% for the four months period of delinquency. Plaintiffs complained then and still complain that such payment falls short of defendants' obligation, based on plaintiffs' interpretation of the delinquency clause which they claim to require payment of interest for one full year from the date of default.

On these facts, the trial court ruled: 1) that the insertion of a penalty provision for delinquency interest in the Community Builders note for $236,525 and in the M-W Builders note for $87,500 was void, that no interest was due thereon because of delinquency, and that the interest paid by defendants with regard to those two notes on May 1, 1972 were voluntary payments which should be credited as payments on principal; and 2) that penalty interest on the other four notes was due only for the four month period of delinquency, not for a full year. Plaintiffs attack both of those rulings. We reverse as to the first ruling and affirm as to the second.

### I.

The trial court gave three reasons for holding void and unenforceable the insertion of the delinquency provision into the $236,525 and the $87,500 notes. These asserted reasons are: (a) that the agreement for this additional provision which varied from the written sale agreements, violated the parol evidence rule; (b) that such agreement violated the statute of frauds; and (c) that such agreement was without

consideration.[1] In addition, defendants offer a still further basis of justification: that the provision for delinquency interest was inserted into the two notes in question pursuant to a mistake of the scrivener.

### A.

■ There is no merit in the proposition that the oral modification of the sales agreements dated September 18, 1971, violated the parol evidence rule. That legal doctrine prohibits only an oral modification which allegedly occurred concurrently with or prior to a written agreement, but the doctrine does not prevent the showing of an oral modification subsequent to the written agreement. As stated in *Chandler v. Rosewin Coats, Inc.,* 515 S.W.2d 184, 188 (Mo. App.1974): "Oral evidence of agreements made *prior to or contemporaneous* with a written contract is not admissible to vary its terms. Oral evidence of agreements which modify a written contract and which are made *subsequent* to its execution are admissible." (Emphasis in the original).

■ In this case, the parties agreed to modify and rewrite the notes *after* the execution of the written agreements dated September 18, 1971. Therefore proof of those modifications does not violate the parol evidence rule.

### B.

■ Any defense based on the statute of frauds is an affirmative one which must be pleaded by the defendants. Rule 55.08. Defendants did not do so here, and the trial court therefore erred in considering the statute of frauds as a defense.

■ Moreover, the statute Section 432.-010 RSMo 1969 requires only that the agreement upon which action is brought "or some memorandum or note thereof, shall be in writing and signed by the party to be

charged therewith * * *." In this case the obligations sought to be enforced by plaintiffs are written instruments, signed by the defendants. No violation of the statute of frauds can be found.

### C.

■ Defendants argue correctly that any modification agreement must be supported by consideration. However, plaintiffs suggest several bases upon which consideration can be found to support the modification of the six notes. Of these, it suffices to discuss only one because that of itself shows sufficient consideration.

Of the original notes agreed to and delivered by the two corporate defendants on September 18, 1971, the third note given by each defendant was in the face amount of $37,500. Pursuant to the modification subsequently agreed to, Community Developers assumed a larger burden (namely $56,250) while M-W Builders assumed a lesser burden ($18,750). This shifting of financial liability was enough of a change to afford consideration for the entire modification agreement. As stated in Section 84(c) Restatement of the Law, Contracts: "Consideration is not insufficient because of the fact * * * (c) that the party giving the consideration is then bound by a duty owed to the promisor or to the public, or by any duty imposed by the law of torts or crimes, to render some performance similar to that given or promised, if the act or forbearance given or promised as consideration differs in any way from what was previously due."

### D.

■ The contention now made by defendants, that the insertion of these delinquency clauses in the two notes was by mistake of the scrivener, was never pleaded

1. In its oral remarks at the close of the evidence, the trial court also intimated that the insertion of provision for delinquency interest in these two notes "probably also violates the dead man's statute." No such conclusion was made, however, in the formal Findings of Fact, Conclusions of Law and Judgment, nor do de-

fendants seriously attempt to justify the judgment on this ground. Accordingly, no further attention will be paid to any question pertaining to the dead man's statute. It can be mentioned in passing that defendants made no objection to any evidence on this ground.

by them.[2] No such fact was found by the trial court, nor was there any evidence of such a mistake.

Moreover, not only did defendants not claim a mistake, but to the contrary on May 1, 1972, they calculated and paid interest to plaintiffs on all six of the notes. When defendants asked for and obtained permission to amend their answer during the course of trial to add a defense of lack of consideration for the modification, even at that late date they made no claim of mistake and did not ask leave to amend to allege any mistake of the scrivener. Certainly it is too late now to suggest this defense for the first time on appeal (and not until rehearing, at that).

## II.

█ As plaintiffs pleaded in their petition[3] and the trial court found, the delinquency clause is ambiguous as to its meaning. Does it mean that interest should run for the period of delinquency in principal payments during each year, or does it mean that a thirty day delinquency shall entitle the payees of the notes interest for an entire year, in the nature of a penalty? If it is indeed a penalty bearing no relation to the actual damage suffered by the payees of the notes occasioned by the delinquency, it will not be enforced. See *Norman v. Durham*, 380 S.W.2d 296, 301–302 (Mo. 1964); "A penalty is an agreement to pay a stipulated sum on breach of contract, irrespective of the damage sustained.", 22 Am. Jur.2d Damages, Sec. 213, p. 298; "In case of contract for the payment of money only, a stipulation to pay a fixed sum in default of performance will be regarded as an agreement for a penalty, and not as a covenant for liquidated damages. The reason for this rule is that since, for the nonpay-

ment of money owed, the law awards interest as damages, there is no difficulty in ascertaining the damages and they cannot be regarded as unliquidated.", 22 Am.Jur.2d Damages, Sec. 230, p. 315. See also 25 C.J.S. Damages, Sec. 113(2), p. 1069, et seq.; *Garrett v. Coast and Southern Federal Sav. & Loan Ass'n*, 9 Cal.3d 731, 108 Cal.Rptr. 845, 511 P.2d 1197, 1202[9–11] (Cal.banc 1973); Anno. 63 A.L.R.3d 50, 59. There is no showing here that plaintiffs' damages would exceed a legal rate of interest, and what they are contending for, if sustained, would place them in the untenable position of asking for an unenforceable penalty.

█ There is another reason which buttresses the trial court's determination that no interest was due plaintiffs other than for the four month period of delinquency. As noted, the delinquency clause is ambiguous. Sec. 400.3–118, RSMo 1969 (Uniform Commercial Code), entitled "Ambiguous terms and rules of construction," provides, "The following rules apply to every instrument; * * * (d) Unless otherwise specified a provision for interest means interest at the judgment rate at the place of payment from the date of the instrument, or if it is undated from the date of issue." Sec. 408.-040 provides that: "Interest shall be allowed on all money due upon any judgment or order of any court, from the day of rendering the same *until satisfaction be made by payment,* accord or sale of property; * * *." (Italics added.) Thus, the interest rate here applies only up to the time the installment payment was made, which stopped the further running of interest. See *Ormsby v. State Life Ins. Co.,* 133 S.W.2d 797 (Tex.Civ.App.1939), holding that payment extinguishes the debt, and as a consequence, the extinguished debt bears no interest.

**2.** Mistake is an affirmative defense. 54 Am. Jur.2d, Mistake, Accident, or Surprise, Sec. 25, p. 467. Although not specifically listed in Rule 55.08, it is "any other matter constituting an avoidance or affirmative defense" which must be pleaded affirmatively by a defendant under that Rule.

**3.** The petition contains the following allegation: "the true meaning and legal effect of the provi-

sions of these promissory notes, and each of them, relating to the payment of interest in the event of default in payment of principal for more than 30 days * * * are not clearly understood by the Petitioners, and they therefore cannot safely proceed to enforce collection of sums due and owing, if any, by foreclosure pursuant to the terms and provisions of the aforesaid Deeds of Trust * * *."

In support of their interpretation of the delinquency clause to call for interest for an entire year, plaintiffs argue that defendants drafted the notes and all ambiguities should be construed against them, and also that an inference should be drawn against defendants because they failed to call as a witness their lawyer who handled the transaction and who was the scrivener of the notes. The rules to which plaintiffs allude are merely aids to construction and do not in this case override the considerations discussed above and which lead to a conclusion contrary to plaintiffs' interpretation.

The judgment is reversed to the extent that the $236,525 and the $87,500 notes were reformed by the trial court "to delete later inserted provisions for penalty interest" and to the extent that the trial court held that the penalty interest paid by the respective defendant on each of those two notes should be "declared to be a credit of said sum on the principal amount owing on said note." The provisions for delinquency interest contained in those two notes are hereby adjudged valid. The judgment is affirmed insofar as it declared that penalty interest is due under the delinquency clause only for the period of delinquency. Costs on this appeal shall be divided equally between the parties.

All concur.