**Mary E. SHAFFER, Administratrix of the Estate of Flora R. Cochenour, Deceased, Plaintiff-Respondent,**

v.

**Gayle Lee HINES, Defendant-Appellant.**

**No. 39146.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

Oct. 17, 1978.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 17, 1978.

Application to Transfer Denied
Dec. 18, 1978.

J. Patrick Wheeler, Canton, for defendant-appellant.

J. William Holliday, Kahoka, for plaintiff-respondent.

STEWART, Presiding Judge.

Action at law for damages for breach of contract to purchase land at a court ordered auction. Defendant, the high bidder, appeals from judgment in favor of plaintiff in the sum of $13,735.00 and interest at the rate of 6% per annum from date of sale. We reverse.

Plaintiff, the administratrix of the estate of Flora Cochenour, held a public auction for the sale of certain land in the estate pursuant to an order of the Probate Court of Scotland County. Defendant was the highest bidder at $23,000.00 and the property was "knocked off" to him at that price. Defendant drew a check payable to "Flora R. Cochenour Estate" in the sum of $2,300.00 which was given to the attorney for plaintiff. The attorney gave defendant a memorandum of sale which he and his wife were to sign. Defendant's wife was not present at the auction. Defendant stopped payment on the check and neither he nor his wife signed the memorandum of sale. Defendant refused to proceed with the purchase of the land.

At the auction the second highest bid was $22,087.50. The property was sold at a second auction for $9,765.00. The difference between defendant's bid and the ultimate sale was $13,235.00.

The primary issue on appeal is whether the Statute of Frauds, § 432.010 bars this action. That portion of the statute relevant to our consideration reads as follows:

"No action shall be brought . . . to charge any person . . . upon any contract made for the sale of lands . .

unless the agreement upon which the action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith   .   .   .."

■ The parties recognize that the Statute of Frauds applies to auction sales whether or not the sale is conducted pursuant to judicial order. *Wilcher v. McGuire,* 537 S.W.2d 844, 847 (Mo.App.1976); *Dunham v. Hartman,* 153 Mo. 625, 55 S.W. 233 (1900). It is also conceded that the check is not a sufficient memorandum so as to comply with the statute. *Byers v. Zuspan,* 264 S.W.2d 944 (Mo.App.1954).

■ The language of the statute is explicit. When the statute is applicable an oral contract for the conveyance of real property cannot be enforced. The party against whom the contract is sought to be enforced may admit the oral contract and still interpose the defense of the Statute of Frauds. *Jones v. Linder,* 247 S.W.2d 817, 820 (Mo.1952).

■ Plaintiff contends that defendant waived the defense of the Statute of Frauds because it was not interposed until the trial had begun. The court within its discretion permitted the defendant to amend his answer to include this defense under Rule 55.33. The amendment relates back to the date of the original pleading. Rule 55.33(c). Defendant did not waive the defense of the Statute of Frauds.

Plaintiff seeks to avoid the effect of the Statute of Frauds on the grounds that defendant "is estopped from asserting the Statute of Frauds based upon part performance and change of position of the parties."

■ It is evident that the plaintiff seeks to invoke the doctrine of estoppel in pais. Estoppel in pais is that condition that in justice precludes one from speaking the truth in his own behalf. This doctrine is often referred to as a shield against fraud. It is not, however, available for use as a sword. It cannot be used to create a cause of action, if the action did not otherwise

exist. Its purpose is not to bring about a gain but to protect from loss. It is used to restore the parties to the same relative positions they would have occupied if the basis for the estoppel had not existed. *Emery v. Brown Shoe Co.,* 287 S.W.2d 761 (Mo.1956).

The most penetrating discussion of the doctrine is to be found in *Jones v. Linder,* 247 S.W.2d 817, 819–820 (Mo.1952). The court there concludes the rule to be that "equity [1] will intervene [by way of equitable estoppel] to prevent a gross injustice or deep-seated wrong to one of the contracting parties   .   .   .."

Further defining the doctrine the court stated that:

"This gross injustice or 'virtual fraud' referred to is of necessity something more than the failure of one to live up to his oral agreement. It may be morally reprehensible and wrong for one to refuse to do what he said he would do. So, in one sense, there is always some injustice resulting from a violation of a moral obligation, especially when such results in loss to one of the parties of the benefits of his oral bargain. But even where an oral contract is admitted, a party to it may nevertheless assert the statute of frauds as a complete bar to enforcement, and may effectively repudiate any obligation under it   .   .   .."

■ The evidence in the case before us warrants a finding that defendant violated a moral obligation to consummate an oral agreement. There is no evidence from which it can be said that defendant did not intend to purchase the property at the time he bid on the property. When defendant repudiated his announced intention to purchase the property plaintiff was restored to the same position she had been in before the auction.

We also note, as did the court in *Linder* at p. 825 that defendant received no benefit as a consequence of the oral agreement, an important consideration in cases of equitable estoppel.

---

**1.** "Equitable estoppel is available in an action at law and will be applied in courts of law as well as those in equity." *Brooks v. Cooksey,* 427 S.W.2d 498, 503 (Mo.1968).

In the final analysis what plaintiff lost was the benefit of the bargain, and as so aptly stated in *Jones v. Linder, supra* l.c. 826:

". . . to permit recovery of damages for loss of the benefits of a bargain, or damages computed by expenditures made in reliance on the oral contract where defendant was not benefited by those expenditures, would be to permit a recovery in an action prohibited by the statute of frauds, i. e., an action to ' * * * charge any person * * * upon any contract made for the sale of lands, * * * unless the agreement * * * be in writing * * *.' RSMo. 1949 § 432.010, V.A.M.S."

Plaintiff cites *Pointer v. Ward,* 429 S.W.2d 269 (Mo.1968) which relies upon *Jones v. Linder,* and supports the conclusion we have reached.

It is the legislature and not defendant that has made the contract in this case unenforceable. We find no basis to remove this case from the operation of the Statute of Frauds.

The judgment is reversed.

REINHARD and STEPHAN, JJ., concur.

REINHARD, Judge, concurring.

I concur in the opinion of the majority but I feel constrained to express my view further on the subject.

I concede that based on the decision of the Missouri Supreme Court in *Dunham v. Hartman,* 153 Mo. 625, 55 S.W. 233 (1900), a judicial auction of real estate is within the Statute of Frauds. However, I cannot agree with the logic of that principle.

The generally recited purpose of the Statute of Frauds is to prevent fraud upon the buyer. That rationale does not exist in a court-ordered public auction of real estate. In such a case, the terms and conditions of the sale are part of the order and the applicable statutes require publication of both the description of the land and the terms of the sale. Bids are taken publicly and the acceptance thereof is made subject to the approval of the court.

To permit a purchaser to avoid any obligation by the mere rejection of the contract imposes a great hardship and considerable expense upon the seller. In a non-judicial sale the seller is permitted to immediately attempt to sell again. That simple procedure is not permitted under a judicial sale. The statutes require the executor, administrator, or sheriff to seek further orders of the court, requiring additional publications and expiration of a statutory period of time before the property can be resold. The mechanics of having a memorandum signed before the dispersal of the crowd at a public auction is impractical if not impossible. A reading of 72 Am.Jur.2d, Statute of Frauds, §§ 115, 658 and 37 C.J.S. Frauds, Statute of § 137 indicates that the modern view held and adopted by a majority of the courts is that no memorandum of writing is required at a judicial auction.