**WICKES LUMBER COMPANY, Appellant,**

v.

**RICHMOND CONSTRUCTION, and Dommick's Kountry Kitchen, Inc., Respondents.**

**No. WD 36040.**

Missouri Court of Appeals, Western District.

April 30, 1985.

489

William D. Adkins, Liberty, for appellant.

Roy B. Brown, Bruce B. Brown, Brown and Brown, Kansas City, for respondents.

Before NUGENT, P.J., and PRITCHARD and CLARK, JJ.

CLARK, Judge.

This is a suit against a building contractor, Edgar A. Poe d/b/a Richmond Construction Company and Dommick's Kountry Kitchen, Inc. for the price of lumber and building materials supplied to Poe by appellant Wickes Lumber Company and used by Poe in the remodeling of Dommick's business property. Count II of the suit sought and Wickes was granted a money judgment against Poe. That count is not involved in the appeal. Count I sought to enforce a mechanic's lien against the Dommick property. On motion by Dommick's, the trial court granted summary judgment against Wickes and this appeal followed.

The issue addressed in the summary judgment motion was whether Wickes had provided the notice required by § 429.100, RSMo.1978 of its intention to claim a mechanic's lien. Although it was undisputed that notice was timely given, Dommick's contended the notice had not been served on an agent of the corporation as the statute requires.

The notice which appellant gave was served on Claud Dommick. According to the affidavit of Catherine Dommick attached to the summary judgment motion, Catherine is president of the corporation and its registered agent. The affidavit further asserted that Claud, Catherine's husband, was chef and manager of the kitchen

but had no interest in the corporation and no authority to act for it in "any legal matter". It was apparently upon the basis of this affidavit that the trial court determined Wickes had forfeited its mechanic's lien because the notice served on Claud Dommick was ineffective to satisfy the statute.

In opposition to the motion and Catherine Dommick's affidavit, Wickes presented portions of a deposition obtained from Claud Dommick and an affidavit made by one Harrison who served the notice. According to Harrison, Claud said he was the agent for the corporation and the owner's representative in matters involving the restaurant. Claud himself testified that he did all the buying and paper work for the corporation, that he had obtained the loan for the purchases and improvements made on the premises and that he had arranged for the completion of the remodeling work after Poe, the first contractor, defaulted. Obviously, the testimony by Claud was in sharp disagreement with the content of the affidavit given by Catherine, his wife.

No rule is more firmly entrenched in the law of this state than that of Rule 74.04 which prohibits summary judgment unless the prevailing party shows, by unassailable proof, entitlement to judgment as a matter of law and, conjunctively, that there is no genuine issue as to any material fact. A genuine issue of fact exists whenever there is the slightest doubt as to the facts, so long as the fact in doubt is a material one which has legal probative force as to a controlling issue. *Shepherd v. American States Ins. Co.*, 671 S.W.2d 777, 780 (Mo. banc 1984).

A notice of intention to claim a mechanic's lien under the statute is, by the declaration of the plain language in § 429.-100, RSMo.1978, effective whether given to the owner or to the owner's agent. There is no particular method by which an agency relationship is established. It is necessary only that the credible facts, taken as a whole, fairly disclose that a party is acting for or is representing another by the latter's authority. *Smoot v. Marks*, 564 S.W.2d 231, 236 (Mo.App. banc 1978). While an agent cannot create or define the scope of his own authority, the testimony of an agent is competent to establish the fact of agency. *Cameron Mut. Ins. Co. of Missouri v. Bouse*, 635 S.W.2d 488, 491 (Mo.App.1982).

In the subject case, there was no question that appellant gave timely notice to Claud Dommick of its intention to claim a mechanic's lien against the property of the Dommick corporation because Poe had failed to pay for the materials. There was, however, a question as to whether Claud had the authority of the corporation to act as its agent in the remodeling project. Claud himself had made representations to this effect to third parties and had, if his deposition testimony is believed, actually arranged financing and contracts for the work. The external manifestations of Claud's authority, including his spousal relation to the company president and his appearance of being in charge of daily operations, were substantial. The only countervailing evidence was Catherine's statement which asserted that Claud had no authority at all.

Without expressing any opinion as to the ultimate question of whether Claud was an agent of the corporation for the purpose of notice under the mechanic's lien law, a question to be resolved by the fact-finder, we have no hesitancy in finding a genuine issue of material fact existing on this issue. There is a substantial doubt as to the fact of Claud's agency and, as a consequence, summary judgment was improvidently directed. Appellant is entitled to a trial on this issue.

The judgment as to Count I of plaintiff's petition is reversed and the cause is remanded for proceedings consistent with this opinion.