Ernst F. HILL, et al.,
Plaintiffs-Appellants,

v.

McDONALD'S CORPORATION, d/b/a
Delaware McDonald's Corporation,
Defendant-Respondent.

No. 50583.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 6, 1986.

Mastorakos, Dunne & Hennerich, Chesterfield, for plaintiffs-appellants.

Ziercher, Hocker, Human, Michenfelder & Jones, Albert A. Michenfelder, Jr., and Steven W. Koslovsky, Clayton, for defendant-respondent.

GARY M. GAERTNER, Judge.

Plaintiffs appeal from the trial court's order granting defendant's motion for summary judgment in this action for breach of contract. On appeal, plaintiffs argue that the trial court erred in granting summary judgment because: (1) an ambiguity in the terms of the contract presented a genuine issue of material fact; and (2) application of the doctrine of equitable estoppel created a genuine issue of material fact. Finding each of these arguments without merit, we affirm.

On January 28, 1982, the parties entered into a real estate sale contract whereby plaintiffs agreed to sell and defendant agreed to buy a parcel of land in St. Louis County. The contract provided that the purchase and sale of the land was subject to certain conditions precedent, including the condition that defendant obtain the zon-

ing permits necessary to construct and operate a restaurant on the property. The contract further provided that if the conditions to the contract were not satisfied or complied with by August 20, 1982, either party could terminate the contract at any time thereafter. Finally, the contract provided that defendant could extend the August 20, 1982, deadline for up to six months by making certain interest payments to plaintiffs.

When the deadline for satisfying the conditions precedent arrived on August 20, 1982, defendant had been unable to obtain the necessary zoning permits. Defendant did not thereafter make any interest payments to plaintiffs. On December 29, 1982, defendant served written notice on plaintiffs that it was terminating the contract.

On September 26, 1983, plaintiffs filed this action for breach of contract against defendant. Plaintiffs alleged that they had extended the terms of the contract from August 20, 1982, to December 29, 1982, but that defendant had failed to make the interest payments required under the contract. Defendant thereafter filed a motion for summary judgment, arguing that it was not liable for the interest payments as a matter of law because it had not exercised its unilateral right to extend the contract. After a hearing, the trial court issued an order granting defendant's motion. Plaintiffs appeal from that order.

■ On appeal from an order granting summary judgment, we must interpret the record in a light most favorable to the party against whom summary judgment was rendered, and accord to that party the benefit of every doubt. *Gnau v. Union Electric Co.*, 672 S.W.2d 142, 144 (Mo.App. 1984). Summary judgment is an appropriate remedy only if the prevailing party has shown by unassailable proof that he is entitled to judgment as a matter of law, and that no genuine issue of material fact exists. *Wickes Lumber Co. v. Richmond Construction*, 690 S.W.2d 488, 490 (Mo. App.1985). A genuine issue of fact exists whenever there is the slightest doubt about the facts, so long as the fact in doubt is a material one having probative force as to a controlling issue. *Shepherd v. American States Insurance Co.*, 671 S.W.2d 777, 780 (Mo.banc 1984).

■ This court is also mindful, however, of the rule that summary judgment is particularly appropriate if the issue to be resolved is the construction of a contract that is unequivocal on its face. *Bernard McMenamy Contractor, Inc. v. Kitchen*, 692 S.W.2d 817, 819 (Mo.App.1985); *Dubinsky Realty, Inc. v. Vactec, Inc.*, 637 S.W.2d 190, 192 (Mo.App.1982).

In their first point on appeal, plaintiffs argue that an ambiguity in the contract presents a genuine issue of material fact, thereby precluding summary judgment. Plaintiffs contend that the ambiguity arises from a conflict between the provision allowing either party to terminate the contract after August 20, 1982, and the provision allowing defendant to extend the contract beyond that date. This conflict exists, according to plaintiffs, because a plain reading of the contract language does not indicate whether the contract remains valid after August 20, 1982, assuming that neither party terminates the contract and defendant does not extend the contract by making interest payments to plaintiffs. Plaintiffs allege that the trial court erroneously resolved this conflict by construing the contract language to mean that the contract automatically terminated on August 20, 1982, and was never extended because defendant made no interest payments. Plaintiffs argue that the trial court should have denied summary judgment, and examined extrinsic evidence to interpret the ambiguous contract language.

■ We observe that an ambiguity does not arise from a contract merely because the parties disagree about how the contract should be construed. A contract is ambiguous only if its terms are susceptible of more than one meaning so that reasonable men may fairly and honestly differ in their construction of them. *Merz v. First National Bank of Franklin County*, 682 S.W.2d 500, 502 (Mo.App.1984).

We can find no ambiguity in the contract at issue in the case at bar. The plain language of the contract indicates that the deadline for satisfying conditions precedent is August 20, 1982, and that if any such conditions remain unsatisfied on that date either party may thereafter terminate the contract. The contract invests defendant with a unilateral right to extend that deadline, and such right may be exercised only by making interest payments to plaintiffs. The only reasonable construction of this language indicates that if the conditions precedent are not satisfied by August 20, 1982, the contract nevertheless remains valid until terminated by either party; the contract is not, however, enforceable against either party after August 20, 1982, unless defendant has exercised its right to extend the deadline for satisfying conditions precedent.

The undisputed evidence before the trial court established that the necessary zoning permits were not obtained by August 20, 1982, and that defendant never made the interest payments necessary to extend the deadline for satisfying conditions to the contract. The contract ultimately terminated on December 29, 1982, when defendant exercised its right of termination. Applying these undisputed facts to the unambiguous terms of the contract, the trial court properly found as a matter of law that defendant was not liable to plaintiffs for any interest payments. Accordingly, we find no error in the trial court's order granting summary judgment. Plaintiffs' first point is denied.

In their second point on appeal, plaintiffs argue that application of the doctrine of equitable estoppel creates a genuine issue of material fact, thereby precluding summary judgment. Plaintiffs contend that certain statements and actions by defendant should estop defendant from disclaiming liability to plaintiffs on the asserted ground that it did not extend the terms of the contract. Plaintiffs' argument fails because they seek to apply the doctrine of equitable estoppel in an unlawful manner.

In *Shaffer v. Hines*, 573 S.W.2d 420 (Mo. App.1978), this court explained:

Estoppel in pais [equitable estoppel] is that condition that in justice precludes one from speaking the truth in his own behalf. This doctrine is often referred to as a shield against fraud. It is not, however, available for use as a sword. It cannot be used to create a cause of action, if the action did not otherwise exist. Its purpose is not to bring about a gain but to protect from loss.

573 S.W.2d at 422. *See also Miskimen v. Kansas City Star Co.*, 684 S.W.2d 394, 400 (Mo.App.1984). *But cf. Highland Inns Corp. v. American Landmark Corp.*, 650 S.W.2d 667, 670 n. 2 (Mo.App.1983). Plaintiffs in this case seek to invoke the doctrine of equitable estoppel not as a shield against fraud, but as a means of creating rights under the contract that would not otherwise exist. As discussed above, a plain and fair reading of the contract indicates that plaintiffs have no cause of action against defendant for breach of contract. Equitable estoppel cannot be used to create such a cause of action. Accordingly, this point is denied.

The judgment is affirmed.

KAROHL, P.J., and SIMON, J., concur.