**In re Golda BERGMANN, Respondent,**

v.

**Dwayne BERGMANN, Appellant.**

**No. 53034.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 8, 1987.

Motion for Rehearing and/or Transfer Denied
Oct. 21, 1987.

Application to Transfer Denied
Dec. 15, 1987.

Charles Harry Billings, St. Louis, for appellant.

Charles A. Powell, Macon, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellant, Dwayne Bergmann, appeals from the order of the trial court granting summary judgment in favor of respondent, Golda Bergmann, in this action on two promissory notes. On appeal, appellant argues that the trial court erred in granting summary judgment because of the existence of a genuine issue of material fact. Finding appellant's contention to be without merit, we affirm.

On January 1, 1982, and September 9, 1982, appellant borrowed money from his mother, respondent, in the amounts respectively of $40,000 and $5,000, and on said dates made and delivered two promissory notes to respondent in the amounts mentioned above. The notes provided for pay-

ment "ON DEMAND AFTER DATE, AND IF NO DEMAND IS MADE THEN ON THE first DAY OF Jan., 1983." The notes also set forth rates of interest. Respondent, beginning July 1, 1985, and repeatedly thereafter, demanded payment of the notes from appellant. In response to a letter from counsel for respondent, appellant replied, "The understanding that we had *when the $46,000* [1] *was borrowed* [emphasis added] from mother was that the funds would be continually renewed so long as I kept same current not demanded with each mood swing." Respondent denied any such contemporaneous understanding or agreement. After respondent brought suit on the notes, appellant admitted in his answer executing the notes but he alleged that the notes had been subsequently modified by agreement. The answer, however, did not set forth any new consideration for such purported agreement. The only alleged consideration was the payment of interest to respondent, which payment was expressly provided for in the notes.

Respondent thereafter filed a motion for summary judgment, arguing that appellant was liable for the notes as a matter of law. After a hearing, the trial court issued an order granting respondent's motion. Appellant appeals from that order.

On appeal, the appellate court must interpret the record in the light most favorable to the party against whom summary judgment is rendered, and accord that party the benefit of every doubt. *Hill v. McDonald's Corp.*, 709 S.W.2d 169, 170 (Mo. App., E.D.1986). Summary judgment is only appropriate where the prevailing party has shown by unassailable proof that he is entitled to that remedy as a matter of law, and that no genuine issue of material fact exists. *Id.* A genuine issue of fact exists whenever there is the slightest doubt about the facts, so long as the fact in doubt is a material one possessing probative force as to a controlling issue. *Shepherd v. American States Insurance Co.*, 671 S.W.2d 777, 780 (Mo. banc 1984).

**1.** This court is unclear why appellant wrote $46,000 when the face amount of the notes is

Nonetheless, this court is also mindful that summary judgment affords a procedure for separating what is formal or pretended from what is genuine and substantial in order that only the latter may subject a party to the burden of a trial. *Universal Printing Co. v. Sayre and Fisher Co.*, 501 S.W.2d 180, 182 (Mo.App., E.D. 1973). As well, the mechanism is particularly appropriate when the issue to be resolved is the construction of a contract that is unequivocal on its face. *Hill*, 709 S.W. 2d at 170.

Appellant argues that a genuine issue of material fact existed. Specifically, he alleges that the parties modified the notes by a subsequent agreement under which appellant would only be obligated to pay the interest due on the notes. However, the record does not clearly indicate that the parties agreed to a subsequent modification of the notes. And, even assuming a revision was so accomplished, appellant never asserted the existence of new consideration to support such a modification.

■ Appellant's letter to respondent's attorney, which is quoted above and which was in evidence before the lower court, alleges no more than an oral *concurrent* agreement. Such parole evidence is not admissible to vary or contradict the terms of an unambiguous and complete written instrument. *Craig v. Jo B. Gardner, Inc.*, 586 S.W.2d 316, 324 (Mo. banc 1979). Parole evidence cannot be used to create ambiguity in a contract which is otherwise unambiguous or to show that an obligation is other than that expressed in the written instrument. *Id.* It is a question of law for the court to determine whether the language of a contract is ambiguous. *Harris v. Union Electric Co.*, 622 S.W.2d 239, 247 (Mo.App., E.D.1981). Further, it is presumed that a written contract embodies the entire agreement of the parties, and this is particularly so where it is a promissory note which is in dispute. *State Bank of Fisk v. Omega Electronics*, 634 S.W.2d

$45,000.

234, 237 (Mo.App., S.D.1982). It is correct that evidence of agreements which subsequently modify a written contract is admissible; such evidence is not violative of the parole evidence rule. *Willis v. Community Developers, Inc.*, 563 S.W.2d 104, 107 (Mo.App., W.D.1978). However, even accepting appellant's contention that there did exist evidence of a subsequent modification, the evidence which was before the lower court fails to indicate any new consideration for the alleged revision. Any modification agreement must be supported by consideration. *Id.* Having no material issue of fact before it, the trial court properly entered summary judgment.

The judgment of the trial court is affirmed.[2]

SIMON and STEPHAN, JJ., concur.

---

**2.** Respondent's motions to strike appellant's    brief and to dismiss the appeal are denied.