**James R. LONDOFF, et al.,
Plaintiffs/Appellants,**

**v.**

**David A. CONRAD, et al.,
Defendants/Respondents.**

**No. 53639.**

Missouri Court of Appeals,
Eastern District,
Division One.

May 3, 1988.

Steven E. Spoeneman, Clayton, for plaintiffs/appellants.

Carl James Lumley, Harold B. Bamburg, James D. Bass, Troy Kendrick, Jr., Clayton, for defendants/respondents.

GARY M. GAERTNER, Presiding Judge.

Plaintiff-appellants James and Janet Londoff appeal from order of St. Louis County Circuit Court which overruled their motion for summary judgment and sustained the motion for summary judgment of intervenor-respondents Ralph and Jeanne Casey in case involving two actions for specific performance of real estate contracts for the same real estate against the same seller. Defendant-respondents David and Janis Conrad are the owners of lot five of Chipper Road Subdivision in St. Louis County. The Londoffs entered into a contract on February 8, 1986, with the Conrads for the purchase of said real estate.

On February 19, 1986, the Caseys entered into a contract with the Conrads to purchase the same real estate contingent upon the Londoffs' contract being declared null and void by March 1, 1986. On February 24, 1986, the Londoffs invoked the building inspection sales condition set forth on the reverse side of their contract by timely submitting a written statement of unacceptable defects. This condition sets forth in pertinent part as follows:

Within ten (10) working days after acceptance of the Sale Contract, purchaser, at his option and expense, shall have the right to obtain a written inspection report from a qualified engineer, reputable contractor, or warranted or insured home inspection service of the improvements ... and shall furnish a copy thereof to seller or his agent stating in writing any hidden defects unacceptable to purchaser. Failure of seller or his agent to receive such report within such time, or purchaser's waiver of his right at the end of this paragraph, shall eliminate this condition. If the stated hidden defect is a foundation or structural defect and the repair of same cannot be guaranteed or warranted by a reputable contractor, the purchaser, at his option, may declare this contract null and void by written notice to seller or his agent within the ten-day time period stated above....

If contract is not declared null and void pursuant to the above, then, within five (5) working days of receipt of such report, seller shall, at his option, either: (a) notify purchaser in writing that seller will arrange for the correction of such defects at his expense and prior to the closing of the contract, or (b) notify purchaser in writing that seller will not correct the defects, in which case the contract is thereby terminated ... unless the purchaser advises the seller or his agent in writing within two (2) working days of receipt of the seller's notice, that he will accept the property "AS IS," in which case this special condition shall be eliminated....

On February 25, 1986, the Conrads refused in writing to repair the defects. On February 26, 1986, the Londoffs submitted a document (supplemental agreement) which set forth in pertinent part:

Purchaser accepts sellers answer of 2/25/86—1 p.m., refusing correction of defects as found in Building Inspection and agrees to accept property as is; except that seller agrees to make repairs and correct defects found in swimming pool inspection to be made prior to closing

The Conrads crossed out that part of the above clause which provided for correction of defects in the swimming pool and returned the document unsigned to the Londoffs. On February 28, 1986, the Conrads notified the Londoffs that their contract was null and void and returned the earnest deposit. The Conrads then notified the Caseys that their contract had become the primary contract.

The Londoffs filed a petition for specific performance against the Conrads. The Caseys intervened and also filed a petition for specific performance against the Conrads. The Conrads counterclaimed in a third party petition by interpleader. The circuit court sustained the Caseys' motion for summary judgment, denied the Londoffs' motion for summary judgment and dismissed the Conrads' interpleader claim as moot. The trial court concluded that the supplemental agreement tendered by the Londoffs to the Conrads constituted a refusal to accept the contract "as is" and thus terminated the contract. On appeal the Londoffs argue that the supplemental agreement could not constitute a refusal to accept the property "as is." Rather, they assert that the document constituted a supplemental agreement to contract which contained both an acceptance of the property "as is" and an offer to modify the contract seeking to remove the pool contingency by obtaining the Conrads' consent to repair any defects contained in the pool.

Summary judgment is appropriate if the prevailing party has shown by unassailable proof that he is entitled to judgment as a matter of law and no genuine issue of material fact exists. *Hill v. McDonald's Corp.*, 709 S.W.2d 169, 170 (Mo.App., E.D. 1986). Summary judgment is particularly

appropriate if the issue to be resolved involves the construction of a contract that is unequivocal on its face. *Id.* The Londoffs argue that they presented uncontradicted evidence which illustrated the ambiguity of the Conrads' act of crossing out only a portion of the supplemental agreement. But an ambiguity does not arise from a contract merely because the parties disagree as to its meaning. *Id.* We find no ambiguity in the contract or documents in the case before us and thus we need not consider evidence outside the face of the documents. We next consider whether the trial court erred as a matter of law.

In order to resolve the disputed issue on appeal, we must determine the legal effect of the supplemental agreement. The trial court concluded that the supplemental agreement constituted a refusal to accept the property "as is." Both respondents argue that it was a counteroffer constituting a rejection. The Londoffs argue that the supplemental agreement was a notice of acceptance of the property "as is" with an offer to modify. The Londoffs further argue that the Conrads' act of crossing out part of the supplemental agreement acknowledged the severability and acceptance of the "as is" notice, or constituted a counteroffer limiting the document to an "as is" notice.

We first note that the Conrads did not sign the supplemental agreement. The supplemental agreement provided signature spaces for the Conrads to manifest their acceptance of the supplemental agreement. Where the offeror calls for a promise from the offeree, notice to offeror of acceptance by offeree is essential. *National Advertising Co. v. Harold,* 735 S.W.2d 74, 77 (Mo.App., E.D.1987). The act of crossing out the pool repair language constituted neither an acceptance of the remaining "as is" notice clause nor a counteroffer. Rather, the Conrads' crossing out and returning the document unsigned

merely constituted a rejection of the proposed additional term.

After the Conrads refused to repair the list of defects tendered by the Londoffs, what remained was an offer by the Conrads to the Londoffs to accept the property "as is." But if a purported acceptance adds or alters the terms of the proposition made, neither party is bound. *Revere Copper & Brass v. Manufacturers Metals & Chemicals,* 662 S.W.2d 866, 870 (Mo.App., W.D.1983). Where the purported acceptance introduces new or variant terms, the purported acceptance amounts to a counteroffer and rejection of the original offer. *Koch–Laumand v. May Dept. Stores,* 623 S.W.2d 52, 55 (Mo.App., E.D. 1981). *See also* Restatement (Second) of Contracts §§ 39, 59 (1981); 1 S. Williston, A Treatise on the Law of Contracts, § 51 (3d ed. 1957). The Londoffs conditioned their acceptance "as is" upon the Conrads' acceptance of an additional term; the promise to repair defects in the swimming pool. The Londoffs' supplemental agreement had the legal effect of a counteroffer and thus rejected the outstanding offer.

Additionally, as both respondents point out, even if the supplemental agreement contained an offer to modify rather than a counteroffer constituting a rejection, it was not an unconditional acceptance "as is." Therefore, the Londoffs failed to accept the property "as is" within two days of sellers' refusal to repair the defects pursuant to the building inspection sales condition.

Finding no error of law, we affirm the decision of the trial court.

REINHARD and CRIST, JJ., concur.