Candy K. EAGLE, Plaintiff–Respondent,

v.

Harry F. SWANGER,
Defendant–Appellant.

No. 56353.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 13, 1990.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 11, 1990.

Application to Transfer Denied
May 15, 1990.

Thomas A. Connelly, St. Louis, for defendant-appellant.

Mark Belz, Clayton, for plaintiff-respondent.

STEPHAN, Judge.

This is an action brought by plaintiff, Candy Eagle, to recover default damages on a promissory note. Defendant, Harry Swanger, denied that he was in default on the note and counterclaimed alleging fraudulent misrepresentation. Judgment was entered in favor of plaintiff. Defendant was ordered to pay plaintiff $42,134.14 representing past due payments, plus interest, on the promissory note through November 15, 1988, without prejudice to plaintiff's right to recover future payments on the note. Judgment was also entered for plaintiff on defendant's counterclaim. Affirmed.

In a court tried action we will sustain the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The facts, as determined by the trial court, are as follows:

Plaintiff hired Metro Business Brokers to advertise and sell her business, Sabra Dental Products, in the early part of spring, 1984. Defendant contacted the broker and expressed interest in purchasing the business which resulted in negotiations between the parties.

The contract for sale, prepared by defendant, an attorney licensed in Missouri and Pennsylvania, provided for the purchase of the business and the inventory. The originally contemplated purchase price of $70,000 was based upon $40,000 for the business and $30,000 for the inventory. The price was subsequently adjusted to allow for an inventory price of $40,000 for the total price of $80,000. A $10,000 down payment was agreed on leaving a total balance due of $70,000. The sales contract also contained the following provisions:

i. This agreement is contingent upon verification of the actual costs of each and every item in Seller's Inventory to Buyer's satisfaction. Inventory sold to Buyer as is. Sale of inventory and territory is final.

\* \* \* \* \* \*

1. ... After Buyer is 90 days delinquent all inventory, accounts records and other data will be transferred back to Seller.

Defendant did not inspect, nor was he prevented from inspecting, the inventory prior to the closing date, June 15, 1984.

A promissory note, in the amount of $75,500 was executed on June 15, 1984. This amount represented $40,000 for the business and $45,500 for the inventory, less a down payment of $10,000. The note was to be paid off in monthly installments of $1,146.42 payable on the 15th of each month, beginning July 15, 1984 and ending June 15, 1992.

Defendant made payments on the note through February 15, 1986 but has not made any payment since that time. Plaintiff filed a petition, alleging default, on August 13, 1986, subsequently amended on November 1, 1986. Plaintiff was awarded $42,134.14, representing past due payments of principal and interest on the promissory note through November 15, 1988 without prejudice to her right to future payments under the note as there is no acceleration clause.

Defendant raises twelve points in his brief. We have reviewed these points and find that they are generally repetitious. Basically, defendant has raised five issues which we will review. They are: 1) that the trial court's judgment was beyond the scope of the pleadings; 2) that the trial court erred in determining the promissory note had a face value of $75,500 because this amount was placed on the note due to the mutual mistake of the parties; 3) that the trial court erred in not admitting defendant's Exhibit D, a price list issued by the parent company; 4) that the trial court erred in not allowing defendant to explain the promissory note and paragraph (1) of the sales contract with parol evidence; and, 5) that the trial court erred in failing to find plaintiff had made fraudulent misrepresentations to defendant regarding the business.

■ Defendant first argues that the trial court erred in ruling that plaintiff was entitled to past due payments through Novem-

ber 15, 1988 because the judgment went beyond the scope of the pleadings.

The judgment is not beyond the scope of the pleadings. Plaintiff's amended petition states in paragraph 4, "defendant is presently in default through the August 15, 1986 payment, in the amount of $6,992.93." The prayer states, "Wherefore, plaintiff prays for judgment against defendant in the amount of $6,992.93, *together with any additional amounts which may fall due under said promissory note during the pendency of this action....*" (emphasis supplied)

The trial court determined that plaintiff was entitled to recover the balance due through the date of judgment; the amount plaintiff prayed for. We find no error in this determination. Plaintiff, reasonably, pleaded current default but prayed for the default amount at the time of judgment.

■ Defendant also argues that the trial court erred when it determined defendant's past payments to plaintiff totalled $21,626.12. Defendant testified that payments actually had totalled $34,096.34. Plaintiff presented the accounting defendant had used during his deposition testimony. Defendant argues that this accounting was preliminary and no longer true at trial.

The credibility of witnesses and the weight to be given their testimony is a matter for the trial court, which is free to believe all, part or none of their testimony. *Herbert v. Harl,* 757 S.W.2d 585, 587 (Mo. banc 1988). Defendant did not present any new evidence demonstrating the error in his previous accounting. We, therefore, cannot say that the trial court erred in accepting plaintiff's evidence.

■ Next, defendant argues that the trial court erred when it found that the principal amount of the promissory note was $75,500 because the underlying contract made a precise determination regarding the amount. He asserts that the note contained an error which entitles him to rescission and/or reduction of damages.

In his counterclaim defendant asserted that plaintiff breached an accord and satisfaction regarding plaintiff's repurchase of the business pursuant to paragraph (1) of the sales contract, that the inventory was unsatisfactory, that plaintiff refused to take the business back, that the original contract was usurious, and that plaintiff breached the warranty of fitness for a particular purpose. Defendant requested damages on each of these claims.

Our review is limited to those issues which were before the trial court. *Rietsch v. T.W.H. Company,* 702 S.W.2d 108, 112 (Mo.App.1985). Reformation and/or rescission of the note was not before the trial court. The trial judge stated the note was for $75,500 in his finding that the note was not ambiguous. He was not asked, nor was he required, to reform the note. An appellate court will not, on review, convict a trial court of error on an issue which was not before it to decide. *Id.*

■ Defendant also claims that the trial court erred in failing to admit his Exhibit D, a price list issued by the parent company from which he purchased necessary supplies for the business. He argues that the list was not inadmissible hearsay and that it was relevant to show plaintiff overcharged him for the inventory.

The question of whether there is reversible error based on the rejection of evidence is not an issue on appeal in any court tried action. *Iota Management Corp. v. Boulevard Investment Company,* 731 S.W.2d 399, 416 (Mo.App.1987). In any event, the trial court was within its discretion to exclude this list. No one from the parent company was present to testify that the list was authentic, and defendant could not demonstrate plaintiff relied on this list when she valued the business.

■ Defendant next argues that parol evidence should have been admitted to establish that the sales contract and note were both results of plaintiff's fraudulent misrepresentations. Defendant first tells us that the parol evidence excluded by the court consisted of representations regarding gross sales, net income, sales volume, profits, customer problems, inventory, etc. We fail to understand defendant's com-

plaint as the record shows that this evidence was before the trial court.

The only actual parol evidence excluded regarding paragraph (1) of the sales contract was presented during an offer of proof and denied admittance by the trial court. Defendant testified that he prepared the sales contract and note prior to the closing. At trial he sought to explain what he meant when he included paragraph (1), which provided for reversion of the business and inventory to the plaintiff should defendant fail to make his payments for a period of ninety days. He stated that there was a discussion at the closing that it was meant to constitute an escape valve for defendant and protection for plaintiff if defendant was unable to make payments and which would terminate all future obligations.

The effect of a written contract is to merge all prior negotiations which may not then be varied or contradicted by parol evidence. *Essex v. Getty Oil Company,* 661 S.W.2d 544, 549 (Mo.App.1983). Parol evidence may not be used to create ambiguity in a contract which is otherwise unambiguous or to show that an obligation is different from that expressed in the written instrument. *Bergmann v. Bergmann,* 740 S.W.2d 215, 216 (Mo.App.1987). It is a question of law for the court to determine whether the language of a contract is ambiguous. *Id.* A document is ambiguous when it is reasonably susceptible of different constructions. *State Bank of Fisk v. Omega Electronics, Inc.,* 634 S.W.2d 234, 237 (Mo.App.1982).

The trial court correctly found that paragraph (1) was not ambiguous. It does not limit plaintiff's remedies; rather, those listed are in addition to statutory remedies already available. *See,* § 400.2–719(1)(a), RSMo 1979. Parol evidence was, therefore, unnecessary.

We also find that the promissory note is not ambiguous. The law regarding parol evidence is particularly true where a promissory note is in dispute. *Bergmann,* 740 S.W.2d at 216. Defendant argues that his interpretation of the provision which refers to paragraph (1) of the sales agreement is different from plaintiff's, rendering both, the note and the contract, ambiguous.

A contract is not made ambiguous by the fact that the parties do not agree upon the proper construction to be given it. *J.E. Hathman, Inc. v. Sigma Alpha Epsilon Club,* 491 S.W.2d 261, 264 (Mo. banc 1973). The note is clear on its face and parol evidence was not necessary to explain it.

■ Defendant next argues that plaintiff made fraudulent misrepresentations by substantially overestimating the value of inventory and gross sales. He also states that plaintiff failed to provide necessary documentation which would have allowed defendant to independently value the business, and she made physical inspection of the inventory difficult, if not impossible. Plaintiff counters that the inventory was purchased "as is" pursuant to paragraph (i) of the sales contract and that defendant was not prevented from inspecting it. We find that defendant has failed to make a submissible case of fraud.

To establish fraud, defendant must prove the following: 1) a representation; 2) its falsity; 3) its materiality; 4) the speaker's knowledge of its falsity, or ignorance of its truth; 5) the speaker's intent that the representation should be acted upon by the person and in the manner reasonably contemplated; 6) the hearer's ignorance of the falsity of the representation; 7) reliance by the hearer on the truth of the representation; 8) a right to rely thereon; and, 9) consequent injury proximately caused to the hearer. *Rigby Corporation v. Boatmen's Bank and Trust Co.,* 713 S.W.2d 517, 539 (Mo.App.1986). The pleader bears the burden of establishing every element by substantial evidence. *Id.* The failure of establishing *any* element defeats the cause of action. *Id.* at 539–540.

Defendant has failed to show his right to rely on plaintiff's representations.[1] He chose to close without the benefit of the documents he now complains were kept

---

1. We also note the evidence on what representations were actually made is in dispute. The trial court found plaintiff to be the more credible witness.

from him. Although defendant states that plaintiff made inventory inspection difficult, he also testified that she never refused to allow inspection. The broker who handled the sale also testified that he verified a portion of the inventory and did not discover any problems.

When a party undertakes his own investigation he is not allowed to rely on the misrepresentations of another and is presumed to be guided by his own conclusions and judgments. *Misskelly v. Rogers,* 721 S.W.2d 170, 173 (Mo.App.1986). The parties here dealt at arms' length, and, in such an instance, if a party relies on representations which would arouse the suspicions of one with ordinary prudence, or neglects means of information easily discoverable, he should bear the risk. *Mahaffey v. Kwon,* 659 S.W.2d 562, 564 (Mo.App.1983). We realize this rule is inapplicable where a distinct and specific representation is made to be acted upon, or for the purpose of inducing action and which has induced action. *Id.* Such is not the case here.

Defendant is a professional. He was aware that there were documents which would have allowed him to value the business, yet he went ahead and closed the sale without having seen them. Defendant claims he was hurried through the closing, yet he fails to explain who caused the rush or if he requested postponement of closing until he could examine all the financial data. As such, we are unable to find that defendant had a right to rely on plaintiff's representations and he has failed to make a submissible case of fraud.[2]

The judgment of the trial court is affirmed.

HAMILTON, P.J., and CARL R. GAERTNER, J., concur.

---

**2.** The rest of defendant's points are all related to actionable fraud and will not be discussed, although we have reviewed them and find no error.